# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**DONCEY FRANK BOYKIN,**          )

    **Movant,**                )

**v.**                            )          **2:00-cr-188-JHH**
                                              **2:13-cv-8012-JHH**

**UNITED STATES OF AMERICA,**     )

    **Respondent.**            )

## MEMORANDUM OPINION and ORDER

    The court has before it the April 8, 2013 Motion (Doc. #1) to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Doncey Frank Boykin. Pursuant to the court's April 9, 2013 order (Doc. #2), the United States Government filed a Response and Motion (Doc. #4) to Dismiss on April 12, 2013. Boykin filed a Response (Doc. # 6) to the Government's Motion to Dismiss on April 24, 2013. The Motion (Doc. #4) to Dismiss is now under submission and due to be granted for the following reasons.

    The procedural background of Boykin's case is extensive and spread throughout a number of different case numbers. The court will not attempt to detail the list of all the post-conviction motions filed and decided by this court, as well as by the Eleventh Circuit, because it does not need to do so to rule on the pending

motion before the court. Instead, looking at the long and convoluted docket, one thing is clear. The April 8, 2013 Motion (Doc. #1) to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is not Boykin's first § 2255 motion.[1] The law is clear that a successive motion pursuant to § 2255 may not be reviewed by this court unless the defendant first obtains permission – a certificate of appealability – from the Eleventh Circuit Court of Appeals to file the same. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); Jackson v. Crosby, 437 F.3d 1290, 1294-95 (11th Cir. 2006).

It is undisputed that Boykin has not obtained the requisite permission from the Eleventh Circuit Court of Appeals. As such, the court's hands are tied, and it cannot consider the present motion. Because Boykin has not satisfied this requirement, the court is without jurisdiction to entertain his successive § 2255 motion, and the Motion to Dismiss (Doc. # 4) is **GRANTED**.

A separate order will be entered dismissing this action without prejudice. The Clerk is **DIRECTED** to mail a copy of this order to the Movant and the United States Attorney for the Northern District of Alabama.

**DONE** this the   2nd   day of May, 2013.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Boykin's first § 2255 Motion was filed on February 2, 2002. (See 2:00-cr-188-JHH at Doc. #33 and 2:02-cv-8004-JHH at Doc. #33.)